# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| ANTHONY GEORGE SWABY<br>12103 Hurdleford Court<br>Bowie, Maryland 20720<br><br>*Plaintiff* | :<br>:<br>:<br>:<br>:<br>:<br>: |
| vs. | : **CASE NO.**<br>: |
| PRINCE GEORGE's COUNTY, MARYLAND<br>*A Body Corporate and Politic*<br>SERVE: Rhonda L. Weaver, Esquire<br>County Office of Law<br>1301 McCormick Drive, Suite 4100<br>Largo, Maryland 20774 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| and | : |
| PFC VALLETTA (Badge No. 3956)<br>*Individually and in his capacity*<br>*as an Officer of the Princes George's County*<br>*Police Department*<br>SERVE: Rhonda L. Weaver, Esquire<br>County Office of Law<br>1301 McCormick Drive, Suite 4100<br>Largo, Maryland 20774 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| and | : |
| PFC ROCH (Badge No. 3829)<br>*Individually and in his capacity*<br>*as an Officer of the Princes George's County*<br>*Police Department*<br>SERVE: Rhonda L. Weaver, Esquire<br>County Office of Law<br>1301 McCormick Drive, Suite 4100<br>Largo, Maryland 20774<br><br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

1

## **COMPLAINT**

COMES NOW the Plaintiffs, ANTHONY GEORGE SWABY, by and through counsel, Edward James Leyden and LEYDEN LAW LLC, and Gabriel J. Christian and THE LAW OFFICES OF GABRIEL J. CHRISTIAN & ASSOCIATES, LLC, to file this Complaint against Defendants PRINCE GEORGE'S COUNTY, MARYLAND, PFC VALLETTA (Badge No. 3956), and PFC ROCH (Badge No. 3829), each individually and in his capacity as an officer of the Prince George's County Police Department, and as cause therefore state as follow:

### I.    **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs Anthony George Swaby was and is a resident of Prince Georges' County, Maryland, at all times relevant.

2. Defendant PFC Valletta (Badge No. 3956) was and is an officer of the Prince George's County Police Department, at all times relevant.

3. Defendant PFC Roch (Badge No. 3829) was and is an officer of the Prince George's County Police Department, at all times relevant.

4. Defendant Prince George's County, Maryland, was and is a body politic liable for, among other things, state constitutional torts committed by those officers employed by the Prince George's County Police Department, at all times relevant.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. The proper venue for this matter is the District of Maryland pursuant to 28 U.S.C. § 1391(b)(2).

7. Accordingly, both venue and jurisdiction are appropriate and proper in this Court.

## II.     FACTS

8. Plaintiff Anthony George Swaby (Date of Birth: 12/15/75) is a 44-year old husband and father.  Mr. Swaby had, until the incident at issue, operated a private limousine service.  Mr. Swaby lives with his family in a house located at 12103 Hudleford Court in Bowie, Maryland.

9. At approximately 1:17 p.m. on Saturday, June 30, 2018, Mr. Swaby was driving westbound on Glen Dale Boulevard, near the intersection with Daisy Lane, in Glenn Dale, Maryland. Mr. Swaby was driving, at that time, the 2013 Mercedes Benz S550 that he utilized in his limousine business. At the time of the events at issue, the windows in this vehicle were tinted in compliance with Maryland law as applied to private limousines.

10. As Mr. Swaby was driving along Glenn Dale Boulevard in the middle of a midsummer Saturday afternoon and in full compliance with all Maryland laws, PFC Valletta (Badge No. 3956) effectuated a traffic stop of Mr. Swaby's vehicle. According to Officer Valletta's *Incident Report in Case Number 18-0039431-001*, this stop was predicated on Officer Valletta's "observ[ation of] a black Mercedes S550 bearing [a Maryland registration number] traveling westbound on Glenn Dale Blvd, Lanham, MD *with illegal tint*." [*Emphasis added*.] [*See Incident Report in Case Number 18-0039431-001,* attached and marked as "Plaintiff's Exhibit No. 1."]

11. Officer Valletta initiated his stop of Mr. Swaby's vehicle by ordering Mr. Swaby to exit the car and "demand[ing Mr. Swaby's] license, registration, [and] proof of insurance." *Id.*

12. Mr. Swaby, for his part, asked Officer Valletta the reason he was being stopped and attempted to explain to the officer that he, Mr. Swaby, suffers from bad knees that make it difficult for him to move quickly and that, furthermore,  the license and other documentation

that Officer Valletta was requesting were located in the glove box on the passenger side of the vehicle.

13. Apparently unsympathetic, however, to Mr. Swaby's request for an interval of time during which to produce his license documentation and exit his vehicle, Officer Valletta decided to "place [Mr. Swaby] under arrest to present him in front of a [District Court] commissioner for driving without a license." *Id.*

14. Officer Valletta, thereupon, grabbed Mr. Swaby's arm, pulled the Plaintiff's arm outside of the driver's side window, and twisted it, while Mr. Swaby verbally protested the physical battery Officer Valletta was inflicting on him.

15. In reality, Mr. Swaby was, at the time and now, a driver duly licensed by the State of Maryland and the vehicle in which he was driving was registered with the State in Mr. Swaby's name. These were *easily* verifiable facts, moreover, that Officer Valletta *could* have *readily* ascertained by accessing the applicable governmental databases from the laptop computer in the cruiser he was using that day – or, indeed, by conducting a simple radio check.

16. At around this instant, PFC Roch (#3829) arrived on the scene in a separate Prince George's County Police Department (PGPD) cruiser.

17. The additional show of force inherent in Officer Roch's arrival emboldened Officer Valletta, apparently, to escalate this encounter with Mr. Swaby by "unbuckle[ing Mr. Swaby's] seatbelt to place him in custody."

18. While Officer Valletta was embraced with Mr. Swaby in this inherently intimate posture, Mr. Swaby's "right hand," according to Officer Valletta, "struck [Officer Valletta] in the left

forearm." Officer Valletta, according to his Incident Report, "then struck [Mr. Swaby] in the upper left chest." *Id.*

19. In unison with Officer Roch, Officer Valletta then "conducted an "arm bar" of Mr. Swaby's left arm, while Officer Roch "controlled" the Plaintiff's right arm. Together, these two officers then, "pulled [Mr. Swaby] out of the car, *escorting* [the Plaintiff] to the ground." *Id.* [*Emphasis added.*]

20. An "arm bar," as Officer Valletta cited the term in his Incident Report, is a marital arts hold intended to compel an adversary to submit by hyperextending, hyperflexing, or hyperrotating the elbow joint or the shoulder joint. In other words, Officer Valletta's Incident Report reflects it was Officer Valletta's intention to break Mr. Swaby's arm in order to compel the Plaintiff to submit to him.

21. While Mr. Swaby was lying on the roadside in handcuffs, his wife, Melissa Swaby, pulled up to the scene in her own vehicle, accompanied by the couple's two children, who were then 16 and 6 years of age, respectively. As her children, naturally panicked and began crying at the sight of their father on ground in handcuffs, Mr. Swaby's wife heard the officers address Mr. Swaby as "boy."

22. Two additional PGPD officers then arrived on the scene. These officers, along with Officers Valletta and Roch, inventoried the S550 that Mr. Swaby was driving and impounded it. They transported Mr. Swaby to the Prince George's County Department of Corrections (DOC) in Upper Marlboro. Once there, Mr. Swaby was issued a Maryland Uniform Citation and Safety Equipment Repair Order in connection with the tinted windows. However, the PGPD did not release Mr. Swaby until he had been in custody for over 14 hours.

23. No criminal activity of any sort on the part of the Plaintiff was ever alleged or ascertained throughout the entirety of this encounter, which had been triggered simply by Officer Valletta's apparent curiosity about the tinting of the windows in Mr. Swaby's limousine.

24. On September 20, 2019, the Circuit Court of Maryland for Prince George's County, in Case Number CA187182, entered each of the three charges that had been lodged against Mr. Swaby as *nolle prosequi*.

25. Officer Valletta acted unreasonably, from the instant he impulsively decided to place Mr. Swaby under arrest for not being a licensed driver – at the very time when the Plaintiff was struggling to retrieve his licensure documents – through subjecting Mr. Swaby's arm to a martial arts tactic that was intended to break it, to pulling Mr. Swaby to the pavement, where this officer taunted Mr. Swaby by calling him the racist pejorative of "boy!"

26. What is worse, Mr. Swaby's wife and two children directly observed these humiliations that Officer Valletta and his companion officers were heaping upon their husband and father.

27. These unreasonable acts of the Defendant officers, thus, directly and proximately caused serious and permanent injuries to the Plaintiff, including psychological injury.

28. The Plaintiff contends daily with the emotional trauma of this incident. He has incurred medical expenses, suffers from the inability to enjoy life as he once did, and suffered embarrassment, along with emotional distress.

29. To the extent necessary, the Plaintiff has provided proper notice to Defendant Prince George's County, Maryland, in accordance with *Maryland Code Annotated, Courts & Judicial Proceedings Article*, §§ 5-301, *et seq.*

## COUNT I (Violation of 42 U.S.C. § 1983 – Defendant Officers Valletta and Roch)

30. The allegations set forth in ¶¶ 1 through 33, above, are incorporated herein by reference.

31. The use of excessive force by the Defendants Valletta and Roch was in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures. Furthermore, these PDPD Officer displayed deliberate indifference to other rights of the Plaintiff under the First Amendment and otherwise, thereby violating the rights of the Plaintiffs to due process of law under the Fourteenth Amendment to the United States Constitution.

32. This claim for damages and other appropriate relief is brought pursuant to 42 U.S.C. § 1983 for violation of the Plaintiff's civil rights by these PGPD Officers, whose actions were taken under color of State law.

   WHEREFORE, the Plaintiffs, ANTHONY G. SWABY, respectfully requests the following relief:

   (a) Compensatory damages in the amount of Five Hundred Thousand Dollars and punitive damages in the amount of Two Million Dollars;

   (b) Under 42 U.S.C. § 1988, the attorneys' fees and costs incurred in bringing this action;

   (c) Pre-judgment and post-judgment interest, and

   (d) Any and all other relief that this Honorable Court may see fit to grant.

## COUNT II (Violation of 42 U.S.C. § 1983 Pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 611 – Defendant Prince George's County, Maryland )

33. The allegations set forth in ¶¶ 1 through 36, above, are incorporated herein by reference.

34. The use of excessive force by Defendants Valletta and Roch was in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures. Furthermore, these PGPD Officers displayed deliberate indifference to the Plaintiffs' rights under the First Amendment and otherwise, thereby violating their individual rights to due process of law under the Fourteenth Amendment to the United States Constitution.

35. This claim for damages and other appropriate relief is brought pursuant to 42 U.S.C. § 1983 for violations of the Plaintiff's civil rights by Defendants Valletta and Roch (the PGPD Officers), whose actions were taken under color of State law. The actions of these PGPD Officers was caused by the custom and practice of Defendant Prince George's County, Maryland in:

   a   Failing to adequately train and supervise its police officers in effectively and safely handling traffic and/or investigatory stops;

   b   Failing to adequately screen its officers for mental and medical fitness;

   c   Failing to maintain adequate internal checks on excessive use of force by its police officers;

   d   Failing to adequately train and supervise its police officers in upholding the Constitutional rights of members of the public to electronically record the activities of police officers as those officers perform their public duties (*see, e.g., Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011)); and

  e Failing to adequately punish police officers who, in discharging their duties on behalf of Prince George's County, Maryland, utilize excessive force and/or otherwise violate the Constitutional rights of members of the public.

36. These customs and practices of Defendant Prince George's County, Maryland, promoted the practice of its police officers in utilizing excessive force in conducting traffic and/or investigatory stops and/or otherwise violating the Constitutional rights of members of the public.

37. Injuries to those in the class of persons who are the subject of traffic and/or investigatory stops, including the Plaintiffs was a foreseeable consequence of these customs and practices of Prince George's County, Maryland.

38. Injuries to those members of the public who, upon witnessing or experiencing the use of excessive force by PGPD officer, voice objection and/or record the event – and who are then subject to seizure – was also a foreseeable consequence of the customs and practices of Prince George's County, Maryland.

 WHEREFORE, the Plaintiff ANTHONY G. SWABY, respectfully requests the following relief:

  (a) Compensatory damages in the amount of Five Hundred Thoudand Dollars and punitive damages in the amount of Two Million Dollars;

  (b) Under 42 U.S.C. § 1988, the attorneys' fees and costs incurred in bringing this action;

  (c) Pre-judgment and post-judgment interest, and

  (d) Any and all other relief that this Honorable Court may see fit to grant.

### COUNT III (Violation of Articles 24 and 26 of Md. Declaration of Rights – Defendant Officers Valletta and Roch)

39. The allegations set forth in ¶¶ 1 through 42, above, are incorporated herein by reference.

40. The use of excessive force by Defendants Valletta and Roch (the PGPD Officers) was in violation of the Plaintiff's rights under Article 26 of the Maryland Declaration of Rights to be free from unreasonable seizures. Furthermore, these PGPD Officers displayed deliberate indifference to the Plaintiff's rights to due process of law under Article 24 of the Maryland Declaration of Rights.

41. This claim for damages and other appropriate relief is brought for the violation of the Plaintiffs' state constitution rights by these PGPD Officers, individually and in unison, whose actions were taken under color of State law.

   WHEREFORE, the Plaintiff, ANTHONY G. SWABY, respectfully request the following relief:

   (a) Compensatory damages in the amount of Five Hundred Thousand Dollars and punitive damages in the amount of Two Million Dollars;

   (b) Under 42 U.S.C. § 1988, the attorneys' fees and costs incurred in bringing this action;

   (c) Pre-judgment and post-judgment interest, and

   (d) Any and all other relief that this Honorable Court may see fit to grant.

### COUNT IV (Violation of Articles 24 and 26 of Md. Declaration of Rights – *Respondeat Superior* – Defendant Prince George's County, Maryland)

42. The allegations set forth in ¶¶ 1 through 45, above, are incorporated herein by reference.

43. At all times relevant, Defendants Valletta and Roch (the PGPD Officers) were acting within the scope of their employment with Defendant, Prince George's County, Maryland.

44. Defendant Prince George's County, Maryland, is responsible for damages suffered as a result of state constitutional torts committed by its police officers in the scope of their employment.

45. Defendant Prince George's County, Maryland, therefore, is responsible for damages suffered by each of the Plaintiffs as a result of state constitutional violations committed by these PGPD Officers, as set forth in Count III, above.

WHEREFORE, the Plaintiff, ANTHONY G. SWABY, respectfully request the following relief:

(a) Compensatory damages in the amount of Five Hundred Thousand Dollars and punitive damages in the amount of Two Million Dollars;

(b) Under 42 U.S.C. § 1988, the attorneys' fees and costs incurred in bringing this action;

(c) Pre-judgment and post-judgment interest, and

(d) Any and all other relief that this Honorable Court may see fit to grant.

### COUNT V (Assault and/or Battery – Defendant Officers Valletta and Roch)

46. The allegations set forth in ¶¶ 1 through 49, above, are incorporated herein by reference.

47. The conduct of Defendants Valletta and Roch (the PGPD Officers) constituted an intentional, non-consensual touching of Plaintiff Anthony G. Swaby, and was undertaken deliberately and with actual malice. Defendants Valletta and Roch, by their conduct, additionally and

concurrently placed Plaintiff Anthony G. Swaby in reasonable fear of imminent fatal and/or serious bodily harm.

48. Melissa Swaby directly heard and observed the conduct of Defendant Valletta and Roch toward her husband and, furthermore, has suffered proximate harm to her marital relationship with Plaintiff Anthony G. Swaby and he, likewise, with her.

WHEREFORE, the Plaintiff, ANTHONY G. SWABY, respectfully requests the following relief:

(a) Compensatory damages in the amount of Five Hundred Thousand Dollars and punitive damages in the amount of Two Million Dollars;

(b) Under 42 U.S.C. § 1988, the attorneys' fees and costs incurred in bringing this action;

(c) Pre-judgment and post-judgment interest, and

(d) Any and all other relief that this Honorable Court may see fit to grant.

## JURY DEMAND

The Plaintiffs do hereby, by and through counsel, respectfully request trial of this matter by a jury.

June 5, 2020                    Respectfully submitted,

        /s/ Edward James Leyden
Edward James Leyden
District of MD Bar No.: 16913
**Leyden Law LLC**
14300 Gallant Fox Lane, Suite 103
Bowie, Maryland 20715
301.390.6600 (phone)
301.464.7357 (facsimile)

                ejleyden@leydenlaw.com
                ejleyden@aol.com
                *Counsel for the Plaintiff*


  /s/ Gabriel J. Christian_____
Gabriel J. Christian
District of MD Bar No.: 09584
***Gabriel J. Christian & Assoc., LLC***
3060 Mitchellville Road, Suite 218
Bowie, Maryland 20716
301.218.9400 (phone)
301.218.9405 (facsimile)
gabriel@gclawmd.com
*Counsel for the Plaintiff*

13